IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
       )
      Plaintiff,    )
       )
v.    )    No.  10-10178-04-WEB
       )
RODNEY DALE JONES,    )
       )
      Defendant.    )
       )

## Memorandum and Order

This matter came before the court on March 31, 2001, for a hearing on defendant's objection to the Presentence Report and for sentencing.  The court ruled orally on these matters at the sentencing hearing.  This written memorandum will supplement the court's oral ruling.

1. <u>Prior Arrest</u>.  Defendant's only objection to the Report argues that a prior arrest listed therein should be stricken because it did not result in any charge against him.  This objection has no effect on the guideline range that applies to the offense.

After reviewing the age and other circumstances surrounding the arrest listed in the report, the court will grant the request to delete the matter from the report.  The Probation Officer is directed to delete paragraphs 96 and 97 from any copy of the Presentence Report made available to the Bureau of Prisons.

2. <u>Sentencing Memorandum</u>.  Defendant's sentencing memorandum argues that the defendant should receive probation and/or community service instead of an imprisonment sentence.  He argues that a sentence of probation would allow him to begin paying restitution and would also allow him to fulfill his family obligations.  Defendant says that he has community and family support, and he points out that he served six years in the Coast Guard.

He argues that a sentence of probation would be sufficient deterrence to others, and he notes that two other defendants received probation in a related case.  Defendant says that he has fully cooperated with the investigation of the case and he notes that the offense was non-violent in nature.

The Government opposes a sentence of probation.  It points out that the fraudulent conduct went on for five years, and it says the defendant's conduct caused extensive harm to the University of Kansas and also defrauded the government.  The Government recommends a sentence of 46 months' imprisonment, at the low end of the advisory guideline range.

The defendant engaged in a conspiracy to defraud that went on for an extended period of time and caused extensive economic damage.  Based on the factors in Section 3353(a), including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to avoid unwarranted sentencing disparities, the court concludes that a sentence of 46 months' imprisonment, at the low end of the advisory guideline range, is sufficient but not greater than necessary to achieve the statutory purposes of sentencing.

*Conclusion*.

Defendant's objection to the Presentence Report is SUSTAINED; the arrest listed in paragraphs 96 and 97 shall be deleted from the Report.  The defendant's request for a variance below the advisory guideline range is DENIED.  IT IS SO ORDERED this ___4th___ Day of April, 2011, at Wichita, Ks.

 s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge