**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RODNEY DALE JONES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> ALANNA J. JONES, ) <br> ) <br> Garnishee-Defendant. ) <br> _____ ) | **CRIMINAL ACTION** <br><br> No. 10-10178-04-MLB |

**MEMORANDUM AND ORDER**

The following are before the court:

Motion to Quash by Garnishee (Doc. 292);

Report and Recommendation of U.S. Magistrate Judge (Doc. 319);

Defendant Rodney Jones' Motion for Reconsideration of Defendant's Objection to Garnishment (Doc. 332);

United States' Response (Doc. 334); and

Defendant's Reply (Doc. 335).

This matter involves a writ of garnishment directed to defendant's former spouse, Alanna Jones (hereinafter "Garnishee"). The dispute turns on whether at the time of garnishment defendant retained an interest in $80,000 he previously transferred to Garnishee. The funds were intended as pre-payment of defendant's child support obligations. Defendant objected to the garnishment on that basis.

The matter was referred to U.S. Magistrate Judge Kenneth G.

Gale, who issued a report recommending that the court overrule defendant's objection and enter judgment against the garnishee for $80,000. Defendant now moves for "reconsideration," which the court construes as a timely objection to the Magistrate's Report and Recommendation.[1]

**I Summary of Report and Recommendation**

Defendant and Garnishee were divorced in 2006. The divorce decree obligated defendant to pay monthly child support of $1,363 for the benefit of the couple's minor child.

In early 2010, defendant learned that he was under criminal investigation relating to improper sales of athletic tickets at the University of Kansas. Defendant and Garnishee became concerned about defendant's future ability to work and pay child support. As a result, on July 12, 2010, defendant transferred to Garnishee the sum of $70,000 by personal check. On December 9, 2010, he transferred an additional $27,000. The money was taken out of defendant's employment-related individual retirement account. Defendant and Garnishee considered $96,000 of this sum to be a prepayment of child support for eight years (the anticipated length of defendant's child support obligation) at $1,000 per month. The remaining $1,000 was a gift from defendant's parents to the minor child.

Defendant and Garnishee submitted an agreed journal entry to the Johnson County District Court, the court with jurisdiction over their divorce proceeding. The journal entry cited the "looming uncertainties" in defendant's future and provided that, as of August

---

[1] Under Fed. R. Civ. P. 72(b)(2), a party has 14 days to file an objection to a Magistrate's Report and Recommendation.

-2-

1, 2010, the parties agreed to modify child support to payments of $1,000 per month, with a prepaid lump sum of $70,000 to be made by defendant and credited against his obligation. The order was entered by a Johnson County District Court judge on December 21, 2010. (Garnishee contends she and defendant's attorney signed the journal entry in August of 2010; she says it is unclear why it was not signed by the judge until December 2010.) Total payments of $96,000 were processed through the state court as child support by Garnishee.[2]

Defendant was indicted on November 17, 2010. The indictment included a forfeiture allegation seeking a money judgment of between $3 million and $5 million. Defendant pled guilty and executed a plea agreement on January 14, 2011. The agreement required him to cooperate with the United States in the disclosure of assets and to not transfer or dispose of assets without approval of the U.S. Attorney's Office. A forfeiture judgment was entered against defendant for $2 million on February 10, 2011. (Doc. 62). Criminal judgment was entered on April 5, 2011, and was amended on May 20, 2011 (Docs. 86, 138). Restitution was ordered in excess of $1.3 million in addition to the forfeiture judgment. As of April 5, 2012, there was due and owing the sum of $1,111,406.02 on the restitution judgment.

An Assistant U.S. Attorney subsequently advised Garnishee's attorney that the United States believed the payments to Garnishee were "fraudulent transfers" within the meaning of the law and were

---

[2] Garnishee paid $80,000 to the Kansas Payment Center on January 12, 2011, on behalf of defendant, and received an allotment of $79,990 in return on January 14, 2011. She paid $16,000 to the Payment Center on behalf of defendant on May 11, 2011, and received an allotment of $15,990 on May 13, 2011. (Doc. 272 at p. 8).

subject to being voided and applied to defendant's restitution obligation. Following negotiations, Garnishee determined she would settle the matter with the United States.

As a result, on November 14, 2011, Garnishee filed a motion asking the Johnson County District Court to vacate its December 21, 2010 order for pre-payment of child support. The motion explained the situation with the U.S. Attorney's Office and its contention that the payments were fraudulent transfers. A certificate of service stated that the motion was served on defendant's attorney by email. A hearing was held on November 17, 2011, attended by Garnishee and her attorney. The state court granted the motion, entering an order vacating the December 21, 2010 order and reinstating defendant's prior child support obligation. The order included a statement that defendant did not appear at the hearing but had been given notice of the motion and hearing through his former counsel prior to counsel's withdrawal from the case. (Doc. 272-13).

Judge Gale found from evidence presented to him "that Garnishee attempted to serve [defendant's] attorney, but that [defendant] did not receive actual notice of the motion or the November 17, 2011, hearing." (Doc. 272 at 5).

Once the state court vacated its December 21, 2010 order, Garnishee notified the United States that in her opinion the funds belonged to defendant. The United States accordingly applied for and was issued the writ of garnishment, which was served on December 14, 2011. Garnishee answered on December 22, 2011, stating that she had

custody or control of $80,000$^3$ belonging to defendant.

Defendant filed a pro se letter on January 9, 2012, objecting to the garnishment and requesting a hearing. He stated that the funds in question had been paid to Garnishee as child support.

On March 5, 2012, Garnishee filed an amended motion asking the Johnson County District Court to (again) vacate its December 21, 2010 order for pre-payment of child support. This amended motion was prompted by defendant's claim in the instant proceeding that he never received notice of the November 17, 2011 Johnson County District Court hearing.

On March 30, 2012, the Johnson County District Court held a hearing on Garnishee's amended motion. Defendant appeared by telephone. This time the state court denied Garnishee's request to vacate the December 21, 2010 support order. The order was entered on April 27, 2012.

Several months later, Garnishee moved to quash the garnishment. (Doc. 292). She argued that a failure of due process in the state court's November 2011 ruling rendered that ruling void. As a result, she argued, the December 21, 2010 "pre-payment order" had never been vacated and effectively deprived defendant of any interest in the funds as of the time of garnishment. Garnishee filed an amended answer to that effect, stating that she held no funds belonging to defendant. (Doc. 289).

Against this convoluted backdrop, Judge Gale determined that whether defendant had an interest in the advance child support

---

[3] This figure was apparently agreed upon by Garnishee and the United States. See Doc. 272-20.

-5-

payments at the time of garnishment "turns on whether the Order from the November 17, 2011, hearing was void, or merely voidable, because of [defendant's] lack of notice." (Doc. 319 at 9). He noted that a void judgment has no valid force or effect, while a voidable judgment remains valid until voided. (Doc. 319 at 9-10). Applying this rule, he said that if the November 2011 order was void, then the December 2010 order directing pre-payment of child support remained effective at the time of garnishment and meant defendant had no interest in the funds to which the garnishment could attach. On the other hand, if the November 2011 order was merely voidable, then it was effective to vacate the December 2010 pre-payment order and meant defendant still held an interest in the funds as of the time of garnishment. (Doc. 319 at 10).

Judge Gale noted that under Kansas law a judgment is considered void if the court acted without jurisdiction or in a manner inconsistent with due process, with only the latter circumstance being an issue here. (Doc. 319 at 10). Judge Gale concluded there was no failure of due process because Garnishee's attorney had attempted to serve defendant's attorney with email notice of the November 2011 motion and hearing. That service was "reasonably calculated" to provide defendant with notice, he found, even if it was "technically deficient" and failed to give defendant actual notice. In sum, Judge Gale concluded the November 2011 order was <u>not</u> void for lack of due process. It therefore effectively vacated the December 2010 pre-payment ruling and left defendant with an interest in the funds that made them subject to garnishment.

Judge Gale separately addressed defendant's contention that the

funds were exempt from garnishment because they were for child support. He declined to rule on the United States' procedural objection to this question, finding instead the exemption was unavailable because "only salary, wages, or other income' are [exempt] from levy for child support," and the funds in question "are not in those categories,..." (Doc. 319 at 18, citing 26 U.S.C. § 6334(a)(8)). Finally, Judge Gale found that the amount subject to garnishment was $80,000.

**II Defendant's objection**

Defendant filed a five-page "Motion for Reconsideration" discussing the Magistrate's Report and Recommendation. (Doc. 211). It essentially consisted of a recitation of the facts of the case. It asserted that defendant's attorney assured him that he had obtained the prosecutor's approval to transfer the money. Finally, it contained a cryptic reference to the child support exemption in 18 U.S.C. § 3613, although set forth no argument about it. (Doc. 332 at 5).

The Government's response addressed the alleged assurances of defense counsel and/or the prosecutor. The Government pointed out that no evidence was presented regarding that issue. It argued the objection should be denied on that basis or because it was immaterial under the law.

Defendant's reply brief asserted that the money paid to Garnishee "was solely Defendant's salary, wages, or other income generated by Defendant" from his employment, and that prior to the date of levy, a state court of competent jurisdiction "entered an Order directing Defendant to contribute to the support of his minor son," such that the funds were exempt from garnishment by virtue of

26 U.S.C. § 6334(a)(8) and 18 U.S.C. § 3613(a)(1). (Doc. 335 at 2-3).

**III Scope of Review**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). See also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate's recommendation. Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1995). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. It may also receive further evidence or recommit the matter to the magistrate judge with instructions. § 636(b)(1).

**IV Discussion**

Liberally construed, defendant's motion contains only two specific objections to the Report and Recommendation. Cf. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object).

First, defendant claims that his lawyer (and/or the prosecutor) assured him that he could transfer the funds to his former spouse. As the Government points out, this objection fails initially because defendant presented no evidence to support it. But even if defendant had produced such evidence, his good-faith beliefs would not serve to

-8-

exempt the funds from lawful attachment. A writ of garnishment may be issued against property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3205(a). Attachment of the writ turns on whether or not defendant retained an interest in the funds, not on whether defendant acted in good faith reliance on the advice of counsel.

Defendant's second objection is that the funds were solely "salary, wages, or other income" generated by his employment and were paid for child support "due to a judgment by the state court that was entered prior to the date of levy." (Doc. 335 at 2-3). Under the recommended findings of Judge Gale – which defendant has not specifically challenged – the December 2010 order for prepayment of child support was effectively vacated in November 2011, before the date of levy. This means that at the time of garnishment, defendant was not required to pay these funds over to comply with the state court order for child support. Where there is a judgment for child support, section 6334(a)(8) of the Internal Revenue Code exempts from levy the amount of salary, wages, or other income that "is necessary to comply with such judgment." Under the circumstances, defendant failed to meet his burden of showing that the funds were exempt as necessary for child support. See 26 C.F.R. §301.6334-1 ("The taxpayer must establish the amount necessary to comply with the order or decree."). Because this failure alone precludes the exemption, the court need not address the additional question of whether the funds qualify as part of defendant's "salary, wages, or other income...."

**V Conclusion**

The court adopts the Magistrate Judge's Report and Recommendation (Doc. 319). Defendant's Motion for Reconsideration (Doc. 332) is DENIED. Garnishee's Motion to Quash (Doc. 292) is DENIED. The United States' Motion to Strike (Doc. 300) is DENIED.

Garnishee Alanna Jones is directed to forthwith pay over to the United States the funds subject to the writ of garnishment served on Garnishee on or about December 15, 2011 (Docs. 249, 252). Said funds consist of $80,000 in her custody, control or possession, and in which defendant Rodney Jones retains a substantial nonexempt interest, as admitted in Garnishee's original answer (Doc. 251) and as determined by the court.

IT IS SO ORDERED.

Dated this 19th day of March 2013, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE